# BROWN-FORMAN COMPANY *v.* BEECH HILL DISTILLING COMPANY.

TRADEMARKS; EXCLUSIVE USE.

Exclusive use for ten years by a distilling company, the applicant for registration, of the words "Old Tucker" or "J. C. Tucker" as a trademark for whisky, is not shown and its application is properly deued, where it appears that during that period another distilling company used the words "J. C. Tucker Rye" as a mark for its brand of whisky, and applicant had knowledge of such use. (Following *Natural Food Co.* v. *Williams, ante,* p. 348, and *Worster Brewing Co.* v. *Rueter, ante,* p. 428.)

No. 436. Patent Appeals. Submitted January 16, 1908. Decided March 3, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for registration of a trademark.                                   *Affirmed.*

The facts are stated in the opinion.

*Mr. Arthur E. Wallace* for the appellant.

There was no appearance for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

This is an appeal by the Brown-Forman Company from the decision of the Commissioner of Patents, in a trademark interference case, that it is not entitled to register, under the so-called ten years' cause, the words "Old Tucker" or "J. C. Tucker" as a trademark for whisky.

The Commissioner held that, inasmuch as the Beech Hill Distilling Company, the junior party to the interference, had used the words "Old Tucker" as a trademark as early as January 15, 1902, and the Brown-Forman Company since December 1, 1903, had acquiesced in such use, appellant was not entitled to registration under the ten years' clause, because it had not been the exclusive user of the mark for ten years prior to 1905. The application of the Beech Hill Distilling Company was for registration as a technical trademark. This application was denied, and the applicant acquiesced in the decision of the Commissioner.

It is not denied that appellant used this mark for ten years prior to 1905, the sole question being whether its use was exclusive within the meaning of the statute. The originator and sole owner of the Beech Hill Distilling Company testified that he originated the brand "J. C. Tucker Rye" in December, 1901, and that he first used it January 14, 1902, and that its use continued without interruption from that time. The witness produced sample labels and a bill dated January, 1902, from the lithographing company that furnished his first order of labels. The bookkeeper of the company next testified that she had been employed by the company since December, 1901, and that the brand or trademark "J. C. Tucker Rye" had been used continuously by the company since January 15, 1902. She produced the sales book, which enabled her to fix definitely the date of the first sale. Another witness testified that he had manufactured cases and bottles for the company since the early spring of 1902, and that the brand "J. C. Tucker Rye" had been used continuously since that time.

The president of the Brown-Forman Company admitted that

he learned of the use of the trademark "J. C. Tucker" by the Beech Hill Distilling Company in December, 1903, and that he wrote the company about the matter, but made no further objection thereafter.

The facts bring this case within the ruling in *Natural Food Co* v. *Williams,* present Term, *ante,* p. 348, and *Worster Brewing Co.* v. *Rueter,* present Term, *ante,* p. 428. Registration was denied in both cases because of an adverse use of the mark.

The decision of the Commissioner was right, and therefore is affirmed. The clerk of the court will certify this opinion and the proceedings in this court to the Commissioner of Patents, in accordance with law.                     *Affirmed.*